**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMAL GROSS, ID # 33269-044,** | ) | |
| | ) | |
| vs. | ) | No. 3:09-CV-0928-B (BH) |
| | ) | |
| **WARDEN CRUZ,** | ) | Referred to U.S. Magistrate Judge |
|       **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**[1]

Petitioner, a prisoner currently incarcerated in the Federal Correctional Institution (FCI) located in Seagoville, Texas, brings this habeas action pursuant to 28 U.S.C. § 2241 to challenge the manner in which his federal sentence is being executed. He names Warden Cruz of FCI Seagoville, as respondent. Petitioner contends that the Bureau of Prisons (BOP) has refused to place him in the prison Residential Drug Abuse Program (RDAP) so that he may earn the one-year early release provided for by 18 U.S.C. § 3621(e). The Court received this petition on May 20, 2009.

**II. EXHAUSTION**

Petitioners seeking relief under § 2241 generally must exhaust their administrative remedies prior to presenting their claims in federal court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Although exhaustion is not a jurisdictional requirement in the context of a § 2241 petition, *see Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 WL 942091, at \*6 (N.D. Tex. Mar. 28, 2007) (accepting recommendation of Mag. J.), prisoners who challenge the calculation of their federal

---

[1] The background information is taken from petitioner's federal petition for writ of habeas corpus.

sentences should exhaust the remedies provided by the BOP, *see, e.g.*, *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990). Prisoners who assert challenges related to the prison RDAP must likewise exhaust their administrative remedies. *See*, *e.g.*, *Martin v. Zenk*, 244 Fed. App'x 974, 977-78 (11th Cir. 2007) (per curiam). "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence – to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37 (1972). The Court may *sua sponte* dismiss a § 2241 petition for lack of exhaustion. *Wy v. Berkebile*, No. 3:08-CV-1894-G, 2008 WL 5262711, at *2 n.2 (N.D. Tex. Dec. 17, 2008) (accepting recommendation of Mag. J.)

The multi-tiered BOP administrative procedure for inmates who seek formal review of their complaints is set forth in 28 U.S.C. §§ 542.10-542.19. *Mihailovich*, 2007 WL 942091, at *6-7. BOP Program Statement (PS) 1330.13, *Administrative Remedy Program*, outlines the procedure and provides federal prisons relevant guidance regarding it. *Aguirre-Castillo v. United States*, No. 1:03-CV-146-C, 2004 WL 594105 at *2 (N.D. Tex. Feb. 26, 2004). Under this procedure, inmates may "seek formal review of an issue which relates to any aspect of [their] confinement." 28 C.F.R. § 542.10. The administrative process involves an informal step, *i.e.*, the filing of an Inmate Request to Staff, as well as three formal steps which respectively require the filing of a BP-9, BP-10, or BP-11 form. *Id.* §§ 542.13, 542.14, 542.15, 542.18. The filing of a BP-11 appeal "is the final administrative appeal." *Id.* § 542.15(a). Upon completing this multiple-tiered review process, federal inmates have exhausted their administrative remedies required for filing a § 2241 petition.

Petitioners, however, need not exhaust administrative remedies when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the

attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62 (citation omitted). Such exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." *Id.* (citations omitted). If an inmate carries his burden to demonstrate an applicable exception to the exhaustion requirement, such inmate may obtain a merits ruling on his § 2241 petition despite a lack of exhaustion. *See id.*

In this case, Petitioner claims that he has exhausted all available administrative remedies because exhaustion is futile since the agency has predetermined the issue before it. (Pet. at 5.) Although petitioner has invoked the administrative process in other contexts (*see id.* at 12 (indicating that he filed a BP-9 regarding his custody classification); Inmate Requests to Staff, attached as Exs. D, E, H, and I), nothing of record indicates that he pursued his request for RDAP placement through the administrative process. He provides no evidence for his claim of predetermination of the issues. A belief that "administrative review will be denied does not make this remedy futile." *See Herman v. Wendt*, No. 3:03-CV-1204-D, 2004 WL 68018, at *2 (N.D. Tex. Jan. 13, 2004) (recommendation of Mag. J. relying on *Green v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989)), *adopted by* 2004 WL 557290 (N.D. Tex. Feb. 11, 2004). Petitioner has not shown extraordinary circumstances for finding exhaustion futile in this case. Consequently, the Court should not find exhaustion to be futile, and should dismiss this action without prejudice due to petitioner's failure to exhaust administrative remedies.

### III. RECOMMENDATION

The Court should **DISMISS** the petition filed pursuant to 28 U.S.C. § 2241 without prejudice for the failure of petitioner to exhaust administrative remedies.

SIGNED this 26th day of May, 2009.

_/s/ Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_/s/ Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE